1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

| | |
|---|---|
| BEHZAD NEYDAVOUD, | ) Case No. CV 11-3714 JC |
| Plaintiff, | ) |
| | ) |
| v. | ) MEMORANDUM OPINION AND |
| | ) ORDER OF REMAND |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social | ) |
| Security, | ) |
| | ) |
| Defendant. | ) |
| ——————————————— | ) |

18
**I.    SUMMARY**

19
On April 29, 2011, plaintiff Behzad Neydavoud ("plaintiff") filed a

20
Complaint seeking review of the Commissioner of Social Security's denial of

21
plaintiff's application for benefits.  The parties have consented to proceed before a

22
United States Magistrate Judge.

23
This matter is before the Court on the parties' cross motions for summary

24
judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").[1]  The

25
Court has taken both motions under submission without oral argument.  See Fed.

26
R. Civ. P. 78; L.R. 7-15; May 3, 2011 Case Management Order ¶ 5.

27
28

---

[1]Defendant's Motion is entitled "Defendant's Motion for Remand."

1

1    Based on the record as a whole and the applicable law, the decision of the
2    Commissioner is REVERSED AND REMANDED for further proceedings
3    consistent with this Memorandum Opinion and Order of Remand.

4    **II.    BACKGROUND AND SUMMARY OF ADMINISTRATIVE**
5    **DECISION**

6    On February 27, 2009, plaintiff filed an application for Disability Insurance
7    Benefits.  (Administrative Record ("AR") 42, 106).  Plaintiff asserted that he
8    became disabled on July 15, 2008, due to lower back pain, and pain in his hands
9    and right leg.  (AR 116).  The Administrative Law Judge ("ALJ") examined the
10   medical record and heard testimony from plaintiff (who was represented by
11   counsel) and a vocational expert on May 3, 2010.  (AR 1-29).

12   On June 23, 2010, the ALJ determined that plaintiff was not disabled
13   through the date of the decision.  (AR 42-49).  Specifically, the ALJ found:
14   (1) plaintiff suffered from the following severe impairment:  degenerative disc
15   disease of the lumbar spine (AR 44); (2) plaintiff's impairments, considered singly
16   or in combination, did not meet or medically equal one of the listed impairments
17   (AR 45); (3) plaintiff retained the residual functional capacity essentially to
18   perform sedentary work (20 C.F.R. § 404.1567(a)) with certain additional
19   restrictions[2] (AR 45); (4) plaintiff could perform his past relevant work as a
20   production coordinator (AR 49); and (5) plaintiff's allegations regarding his
21   limitations were not credible to the extent they were inconsistent with the ALJ's
22   residual functional capacity assessment.  (AR 46).

23   The Appeals Council denied plaintiff's application for review.  (AR 30).

24   

25   [2]The ALJ determined that plaintiff retained the residual functional capacity to (i) lift up to
26   5 pounds frequently and up to 10 pounds occasionally; (ii) sit up to 6 hours total in an 8-hour
     workday; and (iii) stand/walk up to 2 hours total in an 8-hour workday; but plaintiff (iv) must be
27   afforded the opportunity to sit and stand as needed at 30 minute intervals; (v) could only
     occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs; and (vi) must not climb
28   ladders, ropes or scaffolds.  (AR 45).

**III.   APPLICABLE LEGAL STANDARDS**

   **A.   Sequential Evaluation Process**

To qualify for disability benefits, a claimant must show that the claimant is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

   (1)   Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

   (2)   Is the claimant's alleged impairment sufficiently severe to limit claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

   (3)   Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

   (4)   Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

   (5)   Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work

3

1  experience, allow claimant to adjust to other work that exists in

2  significant numbers in the national economy?  If so, the

3  claimant is not disabled.  If not, the claimant is disabled.

4  Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th

5  Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

6  The claimant has the burden of proof at steps one through four, and the

7  Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262

8  F.3d 949, 954 (9th Cir. 2001) (citing Tackett); see also Burch, 400 F.3d at 679

9  (claimant carries initial burden of proving disability).

10  **B.  Standard of Review**

11  Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of

12  benefits only if it is not supported by substantial evidence or if it is based on legal

13  error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir.

14  2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457

15  (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable

16  mind might accept as adequate to support a conclusion."  Richardson v. Perales,

17  402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a

18  mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing

19  Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

20  To determine whether substantial evidence supports a finding, a court must

21  "'consider the record as a whole, weighing both evidence that supports and

22  evidence that detracts from the [Commissioner's] conclusion.'"  Aukland v.

23  Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d

24  953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming

25  or reversing the ALJ's conclusion, a court may not substitute its judgment for that

26  of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

27  ///

28  ///

4

## IV.   DISCUSSION

Plaintiff argues that a reversal or remand is warranted because the ALJ failed properly to consider the opinions of Dr. David Haberman, plaintiff's treating physician.  (Plaintiff's Motion at 5-6) (citing AR 403).  As discussed in detail below, the Court agrees.  As the Court cannot find that the ALJ's error was harmless, a remand is warranted.

### A.   Pertinent Law

In Social Security cases, courts employ a hierarchy of deference to medical opinions depending on the nature of the services provided.  Courts distinguish among the opinions of three types of physicians:  those who treat the claimant ("treating physicians") and two categories of "nontreating physicians," namely those who examine but do not treat the claimant ("examining physicians") and those who neither examine nor treat the claimant ("nonexamining physicians").  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996) (footnote reference omitted).  A treating physician's opinion is entitled to more weight than an examining physician's opinion, and an examining physician's opinion is entitled to more weight than a nonexamining physician's opinion.[3]  See id.  In general, the opinion of a treating physician is entitled to greater weight than that of a non-treating physician because the treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual."  Morgan v. Commissioner of Social Security Administration, 169 F.3d 595, 600 (9th Cir. 1999) (citing Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987)).

The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability.  Magallanes v.

---

[3]Cf. Le v. Astrue, 529 F.3d 1200, 1201-02 (9th Cir. 2008) (not necessary or practical to draw bright line distinguishing treating physicians from non-treating physicians; relationship is better viewed as series of points on a continuum reflecting the duration of the treatment relationship and frequency and nature of the contact) (citation omitted).

1    <u>Bowen</u>, 881 F.2d 747, 751 (9th Cir. 1989) (citing <u>Rodriguez v. Bowen</u>, 876 F.2d

2    759, 761-62 & n.7 (9th Cir. 1989)).  Where a treating physician's opinion is not

3    contradicted by another doctor, it may be rejected only for clear and convincing

4    reasons.  <u>Orn v. Astrue</u>, 495 F.3d 625, 632 (9th Cir. 2007) (citation and internal

5    quotations omitted).  The ALJ can reject the opinion of a treating physician in

6    favor of a conflicting opinion of another examining physician if the ALJ makes

7    findings setting forth specific, legitimate reasons for doing so that are based on

8    substantial evidence in the record.  <u>Id.</u> (citation and internal quotations omitted);

9    <u>Thomas v. Barnhart</u>, 278 F.3d 947, 957 (9th Cir. 2002) (ALJ can meet burden by

10   setting out detailed and thorough summary of facts and conflicting clinical

11   evidence, stating his interpretation thereof, and making findings) (citations and

12   quotations omitted); <u>Magallanes</u>, 881 F.2d at 751, 755 (same; ALJ need not recite

13   "magic words" to  reject a treating physician opinion – court may draw specific

14   and legitimate inferences from ALJ's opinion).  "The ALJ must do more than offer

15   his conclusions."  <u>Embrey v. Bowen</u>, 849 F.2d 418, 421-22 (9th Cir. 1988).  "He

16   must set forth his own interpretations and explain why they, rather than the

17   [physician's], are correct."  <u>Id.</u>  "Broad and vague" reasons for rejecting the

18   treating physician's opinion do not suffice.  <u>McAllister v. Sullivan</u>, 888 F.2d 599,

19   602 (9th Cir. 1989).

20        **B.    Pertinent Facts**

21        On June 25, 2009, Dr. Haberman completed a Physical Residual Functional

22   Capacity Questionnaire, in which he opined, *inter alia*, that plaintiff (1) could lift

23   and/or carry only light objects; (2) could stand and/or walk less than two hours in

24   an eight-hour workday; (3) could sit less than six hours in an eight-hour workday;

25   (4) would need to shift positions (*e.g.*, sitting, standing, walking) at will because

26   he "does not tolerate more than short periods in any position"; (5) would need to

27   take unscheduled breaks during an eight-hour workday; and (6) could never reach,

28   handle or finger.  (AR 235-38).

1    In the May 2, 2009, report of an Internal Medicine Evaluation, Dr. Kristof
2 Siciarz, an examining physician, opined that plaintiff could essentially perform
3 light work.  (AR 223-26).
4    In a June 22, 2009, Physical Residual Functional Capacity Assessment
5 form, Dr. A. Ahmend, a reviewing physician, opined that plaintiff could perform
6 light work with certain additional limitations.  (AR 227-31).
7    In the decision, the ALJ noted the following regarding Dr. Haberman's
8 opinions:

9       The undersigned affords the opinion [sic] of Dr. Haberman
10      considerable weight in some parts and little weight in other parts.
11      Specifically, the aspect of Dr. Haberman's opinion regarding
12      [plaintiff's] ability to lift only light objects and that he requires a
13      sit/stand option is, in fact, consistent with the medical evidence as a
14      whole as well as with the residual functional capacity finding
15      contained herein.  However, there is little objective support in the
16      record for [plaintiff's] inability to reach, handle or finger objects.
17      Ultimately, the majority of Dr. Haberman's opinion provides the basis
18      for the residual functional capacity found by the undersigned.
19 (AR 48).  The ALJ also noted that he "afforded little weight" to the opinions of
20 Drs. Siciarz and Ahmed because Dr. Haberman's opinions were "more consistent
21 with the record as a whole."  (AR 48-49) (citing Exhibits 2F [AR 223-26], 3F [AR
22 227-31]).

23      **C.    Analysis**

24    Plaintiff argues that the ALJ failed properly to consider Dr. Haberman's
25 opinions regarding, *inter alia*, plaintiff's limitations in his ability to stand, walk
26 and sit.  (Plaintiff's Motion at 6-7).  The Court agrees.
27    In the decision, the ALJ did not explain the weight, if any, given to Dr.
28 Haberman's opinion that plaintiff could stand and/or walk for <u>less than</u> two hours

7

1  and sit <u>less than</u> six hours in an eight-hour workday.  Nor did the ALJ include such

2  restrictive limitations in the residual functional capacity assessment.  (AR 45).

3  The parties agree that the ALJ's failure fully to account for such limitations noted

4  in Dr. Haberman's opinions was legal error.  (Plaintiff's Motion at 6-7;

5  Defendant's Motion at 3).

6         In light of the fact that the ALJ effectively rejected the only other medical

7  source opinions regarding plaintiff's functional abilities (*i.e.*, the opinions of Drs.

8  Siciarz and Dr. Ahmed), it appears that the ALJ's rejection of Dr. Haberman's

9  opinions, and conclusion that plaintiff retained the residual functional capacity to

10 sit <u>up to</u> six hours total in an eight-hour workday and stand/walk <u>up to</u> two hours

11 total in an eight-hour workday, were based solely on the ALJ's own lay

12 interpretation of plaintiff's treatment records.   However, "[t]he ALJ is not allowed

13 to use his own medical judgment in lieu of that of a medical expert."  <u>Winters v.</u>

14 <u>Barnhart</u>, 2003 WL 22384784, at *6 (N.D. Cal. Oct. 15, 2003); <u>see also</u> <u>Gonzalez</u>

15 <u>Perez v. Secretary of Health & Human Services</u>, 812 F.2d 747, 749 (1st Cir. 1987)

16 (ALJ may not "substitute his own layman's opinion for the findings and opinion of

17 a physician"); <u>Ferguson v. Schweiker</u>, 765 F.2d 31, 37 (3d Cir. 1985) (ALJ may

18 not substitute his interpretation of laboratory reports for that of a physician).  To

19 the extent the ALJ found Dr. Haberman's opinions ambiguous or otherwise

20 inadequate, the ALJ should have contacted Dr. Haberman to resolve any perceived

21 conflict, or called a medical expert to assist in determining the extent to which the

22 medical records reflected any limitation on plaintiff's ability to work.  <u>See</u> <u>Mayes</u>

23 <u>v. Massanari</u>, 276 F.3d 453, 459-60 (9th Cir. 2001) (citation omitted) (Although

24 plaintiff bears the burden of proving disability, the ALJ has an affirmative duty to

25 assist the claimant in developing the record "when there is ambiguous evidence or

26 when the record is inadequate to allow for proper evaluation of the evidence.");

27 <u>see</u>, <u>e.g.</u>, <u>Ferguson</u>, 765 F.2d at 37 (Where record contained no contrary medical

28 opinion, "it was incumbent upon the ALJ to secure additional evidence from

8

1  another physician" "if the ALJ believed that [the treating physician's] reports
2  were conclusory or unclear.").

3      Since the ALJ's residual functional capacity assessment is predicated, at
4  least in part, on conclusions that lack substantial evidence, this Court cannot find
5  such errors harmless.

6      Accordingly, this case must be remanded to permit the ALJ properly to
7  consider the medical opinion evidence.

8  **V.   CONCLUSION**[4]

9      For the foregoing reasons, the decision of the Commissioner of Social
10  Security is reversed in part, and this matter is remanded for further administrative
11  action consistent with this Opinion.[5]

12      LET JUDGMENT BE ENTERED ACCORDINGLY.

13  DATED:  November 18, 2011

14                                    _____/s/_____
15                                    Honorable Jacqueline Chooljian
16                                    UNITED STATES MAGISTRATE JUDGE

17

18

19

20  _____

21      [4]The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's
    decision, except insofar as to determine that a reversal and remand for immediate payment of
22  benefits would not be appropriate on such grounds.  On remand, however, the ALJ may wish to
    review all of plaintiff's medical records and, to the extent he rejects significant and probative
23  opinion evidence, provide a sufficiently detailed explanation therefor.  See Embrey, 849 F.2d at
24  421-22.

25      [5]When a court reverses an administrative determination, "the proper course, except in rare
    circumstances, is to remand to the agency for additional investigation or explanation."
26  Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and
    quotations omitted).  Remand is proper where, as here, additional administrative proceedings
27  could remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir.
28  1989).

                                    9